# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

### CIVIL CASE NO. 3:09cv159

| | |
|---|---|
| **In re the Application of** ) | |
| ) | |
| **SUSANNE NEVES,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| **ERICO FERREIRA NEVES,** ) | |
| **BARTHI PATEL, and MAHESH** ) | |
| **PATEL,** ) | |
| ) | |
| Respondents. ) | |

**THIS MATTER** is before the Court on the Petitioner's Expedited Petition for Return of Children to Petitioner and Expedited Petition for Immediate Issuance of Show Cause Order to Respondent [Doc. 1].

I.

On April 16, 2009, the Petitioner Susanne Neves filed the instant Petition against her husband, Respondent Erico Ferreira Neves ("Respondent"), and Respondents Barthi Patel and Mahesh Patel ("the

Patels"), seeking the return of the Neves's two minor children pursuant to the Hague Convention on Civil Aspects of International Child Abduction ("Hague Convention"), Oct. 25, 1980, T.I.A.S. NO. 11,670, 19 I.L.M. 1501; the International Child Abduction Remedies Act, 42 U.S.C. §§ 11601 *et seq.* ("ICARA"); and N.C. Gen. Stat. Ann. § 50A-302 *et seq.* Specifically, the Petitioner alleges that on February 15, 2009, the Respondent wrongfully removed the parties' two children from their habitual residence in Germany and since that time has wrongfully retained them in the United States. The Petitioner further alleges that the Patels assisted the Respondent in wrongfully removing the children to this District and in wrongfully retaining the minor children in the United States by making travel arrangements for the Respondent and the children and by allowing the Respondent and the children to reside in the Patels' home, located in Matthews, North Carolina. [Doc. 1].

Along with the Expedited Petition, the Petitioner filed an Expedited *Ex Parte* Motion for Pick-Up Order and Expedited Service and Surrender of Passport and Travel Documents. [Doc. 2]. On April 16, 2009, the Court entered an Order granting the Petitioner's *Ex Parte* Motion and directing the United States Marshals to take custody of the minor children and to

seize the Respondent's and minor children's passports and travel documents. [Doc. 4]. The Court entered an Amended Order on April 17, 2009, directing the United States Marshals Service to deliver custody of the minor children to the Mecklenburg County Department of Social Services ("Youth & Family Services") pending further Order of the Court and ordering the Petitioner to surrender her passport and travel documents as well. [Doc. 6]. On April 17, 2009 the United States Marshals delivered the minor children to the custody of Youth & Family Services, and took possession of the Respondent's and the minor children's passports and travel documents. The Petitioner surrendered her passport and travel documents as well, and all of these documents were deposited with the Court for safekeeping pending a final hearing in this case.

On April 24, 2009, the Court conducted a hearing to determine the need for continued nonsecure custody of the minor children pending the final hearing on the Petitioner's Expedited Petition. Both the Petitioner and the Respondent were present at this hearing, and both were represented by counsel. Upon agreement of the parties, the Court concluded that there was no longer a need for Youth & Family Services to exercise nonsecure custody of the minor children, and therefore ordered that custody of the

2

minor children be transferred to the Petitioner pending the final hearing of the Petitioner's Expedited Petition. [Doc. 11].

On April 30, 2009, attorney Bradley B. Honnold entered an appearance on behalf of the Respondent [Doc. 13], and a motion was filed seeking a continuance of the May 1, 2009 hearing on the grounds that the Respondent and his newly retained counsel needed more time to adequately prepare for the final hearing on the Petitioner's Expedited Petition. [Doc. 14].

At the May 1, 2009 hearing, the Respondent stated an additional ground for his request for a continuance, arguing that additional time was needed in order to secure psychological evaluations of the minor children. Specifically, the Respondent argued that such evaluations would provide evidence to the Court regarding the risk of harm posed to the children if they were ordered to return to Germany. The Court gave the parties until May 4, 2009 to file additional authorities regarding the propriety of Respondent's request for psychological evaluations. The Court then proceeded with an evidentiary hearing on the Petitioner's Expedited Petition, and the parties submitted testimonial and documentary evidence.

II.

Upon consideration of the pleadings, the evidence of record, and the arguments of counsel, the Court finds and concludes that the Respondent has had adequate notice and time to prepare for the hearing and that psychological evaluations of the minor children will not assist in the adjudication of the issue of whether the children face a grave risk of harm if ordered to return to Germany. Accordingly, the Respondent's request for a continuance is denied, and the Respondent's request for psychological evaluations of the children is denied.

The Court finds that the Petitioner has proved by a preponderance of the evidence (1) that the children were "habitually resident" in the Petitioner's country of residence of Germany at the time of removal; (2) that the removal of the children was in breach of the Petitioner's custody rights under the law of her home state; and (3) that the Petitioner had been exercising those rights at the time of removal. Accordingly, the Court concludes as a matter of law that the parties' children were "wrongfully removed" within the meaning of Article 3 of the Hague Convention and ICARA, 42 U.S.C. § 11603(e)(1). The Court further finds that the Respondent has failed to establish by clear and convincing evidence that

return of the children would subject them to a "grave risk [of] physical or psychological harm or otherwise place them in an intolerable situation." Hague Convention, art. 13b; 42 U.S.C. § 11603(e)(2)(A).

Pursuant to Rule 52 of the Federal Rules of Civil Procedure, a Memorandum of Decision setting forth the Court's detailed findings of fact and conclusions of law will follow. Due to the nature of this action and the need for the decision in this matter to be rendered expeditiously so as to minimize the disruption of the children's lives, the Court is entering this Order at this time, even though the detailed support for the Order will be forthcoming afterward.

III.

**IT IS, THEREFORE, ORDERED** that the Petitioner's Expedited Petition for Return of Children to Petitioner and Expedited Petition for Immediate Issuance of Show Cause Order to Respondent [Doc. 1] is **GRANTED**. The Petitioner shall forthwith return to Germany with the children and shall seek the determination of the German Courts regarding the custody, support, and visitation of the children. The Respondents shall not interfere in any respect with such return.

**IT IS FURTHER ORDERED** that the Respondent's Motion for Continuance [Doc. 14] is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to return the parties' respective passports and travel documents. The passports and travel documents of the minor children shall be returned to the Petitioner.

**IT IS FURTHER ORDERED** that the Petitioner shall file a brief and any additional evidence regarding an award of attorney's fees and expenses by **May 12, 2009**. Said brief shall also address whether an award of such fees is sought against and is recoverable against Respondents Patels in addition to Respondent Neves. The Respondent shall file a brief and any additional evidence in response to the Petitioner's brief by **May 19, 2009**. Respondents Patels may also respond by May 19, 2009, if the Petitioner seeks an award of fees against them. Any briefs that are filed shall not exceed five (5) pages.

**IT IS FURTHER ORDERED** that the Court's Order sealing this case and all pleadings therein is **LIFTED**, only to the extent that the present Order and all future filings shall not be automatically filed under seal. The parties are cautioned to refrain from including in any future filings any

information, such as names or dates of birth, which would identify the minor children. To the extent that the parties must refer to the minor children by name or other identifying information in any future filing, such filing should be placed under seal in order to protect the identities of the minor children involved.

**IT IS SO ORDERED.**

Signed: May 6, 2009

Martin Reidinger
United States District Judge