IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:09cv159

| | |
|---|---|
| **Susanne Neves,** | : |
| PETITIONER | : |
| | : **BRIEF IN SUPPORT OF PENDING** |
| | : **APPLICATION FOR ATTORNEYS FEES** |
| v. | : **AND EXPENSES** |
| | : |
| **Erico Ferreira Neves, Barti Patel,** | : |
| **Mahesh Patel,** RESPONDENTS | : |

Petitioner, Susanne Neves ("Ms. Neves"), in conjunction with her Amended Affidavit of Attorneys Fees and Costs and in accordance with her pending application in her Petition and the mandatory award of fees and costs under the International Child Abduction Remedies Act ("ICARA"), 42 U.S.C. § 11601, *et. seq*., hereby submits this Brief, seeking reimbursement for attorneys' fees and costs related to the Court's May 6, 2009 Order [Doc. 19].

## STANDARD OF REVIEW

ICARA mandates:

[a]ny court ordering the return of a child . . . **shall** order the respondent to pay necessary expenses incurred by or on behalf of the petitioner, including **court costs, legal fees, foster home or other care during the course of the proceedings in the action, and transportation costs related to the return of the child**, unless the respondent establishes that such order would be **clearly inappropriate**. 42 U.S.C. § 11607(b)(3) (emphasis added).

Given the mandatory language of the statute, Respondents bear the burden of proving that it would be "clearly inappropriate" to award attorneys' fees and expenses. Id. An award of attorneys' fees and costs is warranted where a petitioner's custody rights have been breached and an order of return is issued. Friedrich v. Thompson, 1999 WL 33951234, * 1 (M.D.N.C. 1999) (unpublished) (stating that "Respondent's actions in denying Petitioner's custody rights caused Petitioner to incur considerable expense in the vindication of those rights . . . . This Court's

decision to order the return of the child to Petitioner signifies that Respondent's actions were wrongful."). Id. at * 2; Distler v. Distler, 26 F.Supp. 723, 727 (D. N.J. 1998).

**ANALYSIS**

**Petitioner is Entitled to a Mandatory Award of Attorneys' Fees and Costs**

The May 6, 2009 Order finds that Petitioner proved, *inter alia*, that "removal of the children was in breach of the Petitioner's custody rights under the law of her home state," and concludes as a matter of law that the children "were 'wrongfully removed' within Article 3 . . . ." Coupled with ICARA's mandatory award of fees and expenses upon entry of an order of return, this finding precludes Respondents from making any showing that an award of fees and costs would be "clearly inappropriate."[1] Such an award is entirely appropriate and is mandated by ICARA. Hence, this Court need only determine (1) the reasonableness of the amounts requested by Petitioner for fees and expenses; and (2) whether Respondents Patels should be held jointly and severally liable with Respondent Neves for the award.

**Petitioner's Request for Expenses is Reasonable and Should be Granted**

Courts issuing an order for return of children routinely find that travel costs and expenses associated with securing an order of return are taxable to respondents, including, but not limited to airline tickets, translation of documents, court costs and lodging expenses. Friedrich, 1999 WL 33951234 at * 2; Distler, 26 F.Supp.2d at 727; Knigge v. Corvese, 2001 WL 883644, *4-5 (S.D.N.Y. 2001). Petitioner's Amended Affidavit of Attorneys' Fees and Expenses contains detailed invoices for her necessary costs, including filing fees; airline fees for Ms. Neves and the

---

[1] While the ability of the Respondents to pay is not an issue in the award of fees and costs, essentially, Respondents brought this situation to the attention of the Court by their own actions, and, even so, Respondents have resources. See Exhibits 1 and 2, showing Mr. Neves' Woodforest National Bank account information and the $6,300 credit limit on the First Citizens Bank Account owned by Mashesh Patel as submitted to the Charlotte-Mecklenburg Schools.

two children,[2] lodging expenses for Ms. Neves; modest taxi expenses for travel to and from attorney meetings and court appearances; and invoices for investigative services required to locate the children in the US. All costs are directly related to the steps Ms. Neves had to take in order to secure the children's return to their homeland.

**Petitioner's Request for an Award of Attorneys' Fees is Reasonable and Should be Granted**

It is well-established that the "lodestar" approach is the proper method for determining the reasonableness of attorneys' fees requests in cases where ICARA is at issue. Clinchfield Coal Co. v. Harris, 149 F.3d 307, 309 (4th Cir. 1998); Distler, 26 F.Supp.2d at 727. Employing the "lodestar" approach, this Court should calculate the number of reasonable hours expended in the litigation times a reasonable rate. Hensley v. Eckerhart, 461 U.S. 424, 436 (1983). Reasonableness is determined using the factors listed in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 718-19 (5th Cir. 1974); Wasneiwski v. Grzelak-Johannsen, 549 F.Supp.2d 965, 980-81 (N.D. Ohio 2008) (awarding $114,958.25 in attorneys fees and $2,932.48 in expenses).

Here, the circumstances of this case, as set forth in Petitioner's Memorandum of Law [Doc. 16] and Amended Affidavit of Attorneys Fees and Costs, support the reasonableness of the fees related to legal efforts to obtain the return of the children. The time and labor involved with this "hybrid" case, as this Court has noted, has been extensive and intense. Attorney Gardner's specialized experience with Hague Convention cases, as detailed in her Affidavit submitted concurrently herewith, has been integral to the process leading to the filing of the Petition and Ex Parte Motion, and her continued involvement proved crucial, considering that the unique and exigent circumstances of this case necessitated thorough filings, research on pointed questions

---

[2] The airline fees are reduced to reflect travel costs only for Ms. Neves and the children.

and advice on complex issues. The efforts and involvement of Ms. Neves's counsel in Germany was also necessary to provide Ms. Neves with an understanding of her rights under the Hague Convention and German law, securing the Order from the Brandenburg Court, helping Ms. Neves to secure counsel in the United States and in advising throughout the process on the international issues. See, e.g., Distler, 26 F.Supp.2d at 728 (allowing recovery of fees for foreign counsel). The undersigned, as lead attorney in managing the case in the Western District of North Carolina, was required to bridge knowledge of the Hague Convention, the UCCJEA, ICARA and North Carolina State and Federal law and procedure to handle each phase of the litigation and the unique issues presented in the DSS proceedings, as well as in this proceeding. The priority that this case took, from the filing of the Petition on April 16, 2009, to the entry of the Order and Amended Order on April 17, 2009, including the appearance in Juvenile Court on April 23, 2009, appearances in Federal Court handling of the Motion for Continuance and subsequent submissions on the psychological evaluation and attorneys fees and expenses issues,[3] has necessitated almost a cocoon-like focus on and devotion to each task at hand. As set forth in the itemized Amended Affidavit for Attorneys Fees and Expenses, the time expended and work completed related to this case is reasonable.

**This Court Should Hold Mr. Neves and the Patels Jointly and Severally Liable**

In Lops v. Lops and Harrington, 104 F.3d 927, 946 (11th Cir. 1998), the Court found that the children's paternal grandmother participated in their father's wrongful removal from Germany and wrongful retention of the children in the US. After affirming the Order to return the children to Germany, the Eleventh Circuit affirmed the district court's award of attorneys'

---

[3] A related issue is whether the Petitioner can seek fees for the time spent in petitioning for an award of fees. In Hernandez v. Kalinowski, the Court reversed the district court and determined that "fees for preparing a motion requesting costs and fees, or 'fees on fees,' are recoverable." 146 F.3d 196, 199 (3rd Cir. 1998) (internal citations omitted).

fees against both Respondents, jointly and severally, for $123,127.26 in attorneys' fees and costs.[4] Id., 104 F.3d at 946. The Order here is clear that Mr. Neves wrongfully removed the children from their residence in Germany. Second and Third Respondents paid for the removal and assisted in perpetuating First Respondent's wrongful retention of the children in the US, as shown by: (1) Mr. Neves's testimony that he lived with the Patels at 217 Coach Ridge Trail, Matthews, NC; (2) documentary evidence in email confirmations showing that Mahesh Patel purchased and confirmed airline tickets which facilitated the abduction of the children from Germany to the US; (3) the Patels housing Mr. Neves, as evidenced by the pick-up Order [Doc. 4] and retrieval of passports and travel documents from Mr. Neves at the Patel's home, and the evidence submitted herewith of the Charlotte-Mecklenburg Schools "safe schools enrollment declarations" and notarized residency affidavits executed by Mashesh Patel[5]; and (4) the Patels' denial of Mrs. Neves's access to children, as evidenced by Mrs. Neves's testimony in her Affidavit and in court that she never received a reply from the Patels and that Barti Patel hung up on her when she inquired about the children's whereabouts. Thus, the Patels had an active and knowing role in Mr. Neves' abduction and wrongful retention of the children. As in Lops, they should be required to share in the burden of repayment of fees and costs.

For all the reasons provided herein, Petitioner and her counsel seek an award of fees and costs, holding Respondent Neves and Respondents Patels jointly and severally liable.

/s/ John Parke Davis_____, respectfully submitted this 12th day of May, 2009.
John Parke Davis
Irene P. King
James, McElroy & Diehl, PA
600 S. College Street
Charlotte, NC 28202

---

[4] See Exhibit 3 and 4, Order dated October 5, 1998 for the United States District Court for the Southern District of Georgia and Order for remand from the 11th Cir. dated August 10, 1998.
[5] See attached Exhibits 5 and 6 with names of children redacted per Court request.

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **BRIEF IN SUPPORT OF PENDING APPLICATION FOR ATTORNEYS FEES AND COSTS** has this date been served upon the Respondent, via email, pursuant to the direction of the Court to serve via email, to Respondent's attorney of record as follows:

> Mr. Bradley B. Honnold
> The Honnold Law Firm, P.A.
> 6000 Fairview Road, Suite 1200
> Charlotte, North Carolina 28210
> bhonnold@honnoldlaw.com

This the 12th day of May 2009.

> /s/ John Parke Davis_____
> John Parke Davis
> N.C. State Bar No. 34427
> James, McElroy & Diehl, PA
> 600 S. College Street
> Charlotte, NC 28202
> NC State Bar No. 32780
> (704) 372-9870
> (704) 342-5858
> jpdavis@jmdlaw.com